**A. Bryan POOLE, et ux, Individually, and as Heirs of the Estate of Larry Bryan Poole, Appellants,**

v.

**EL CHICO CORPORATION, Appellee.**

**No. C14–85–512–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 12, 1986.

Rehearing Denied July 17, 1986.

Timothy D. Riley, Robert C. Floyd, Floyd, Taylor & Riley, Houston, for appellants.

Charles W. Lyman, James D. Ebanks, Giessel, Stone, Barker & Lyman, Houston, for appellees.

Daniel M. McClure, Fulbright & Jawarski, Houston, for intervenor.

David Crump, Houston, Mary Joe Carroll, Austin, for amicus curiae.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Mr. and Mrs. A. Bryan Poole appeal the entry of a summary judgment in favor of El Chico Corporation. In their suit, brought under the Texas Wrongful Death Act, they allege that El Chico restaurant employees negligently sold drinks to an intoxicated person, and as a result, their son was killed in an automobile accident. El Chico successfully moved for summary judgment by arguing that Texas law recognizes no duty on the part of a bar owner to the motoring public for injuries that may be caused by patrons who are sold drinks after becoming intoxicated. We reverse the summary judgment and hold that such a duty must be recognized.

The summary judgment evidence shows that on January 21, 1983, Rene Saenz drove with a friend to the El Chico restaurant located in the Northwest Mall in Houston to have drinks. They arrived sometime around 5 p.m. during happy hour, when drinks were priced at two for one. At the time of his deposition a year and seven months after the accident, Saenz said that he remembered arriving at El Chico and getting his first drink. The next thing he remembered was the impact of the crash. He remembered nothing about his time spent at El Chico or when or how he left. Police reports, including sworn written statements of witnesses to the crash, are part of the unobjected-to summary judgment evidence. Those reports indicate that Saenz told police officers that he left El Chico at approximately 7:45 p.m. At about 8 p.m. Saenz was proceeding at a high rate of speed north on Mangum Road and ran a red light at the intersection of Mangum and the Northwest Freeway service road. His car struck a car driven by Larry Poole as Poole was turning left, in front of Saenz, onto the service road. There were no skid marks before the point of impact. One witness stated that Saenz did not even try to stop. Poole was dead on arrival at Hermann Hospital after being transported there by Life Flight LD helicopter.

The police reports indicate that officers investigating the accident found that Saenz had a strong odor of alcohol on his breath, he was wobbling and swaying and his speech was mumbled. Saenz told officers he had been drinking "a lot" of scotch and waters at El Chico. The accident occurred about three to five blocks from the El Chico restaurant.

Saenz was arrested for DWI. Later in the evening he was given a breathalyzer test that resulted in a reading of .18 percent alcohol concentration level. Under current law, a driver is presumed to be intoxicated when he exhibits a .10 percent blood, breath, or urine alcohol concentra-

tion. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1986). Saenz later pled guilty to involuntary manslaughter. He was also a defendant in the Pooles' suit. The cause against El Chico was severed after the summary judgment was entered.

The principal allegation in the Pooles' petition is that El Chico employees violated section 101.63(a) of the Texas Alcoholic Beverage Code when they sold alcoholic beverages to Saenz when they knew or should have known that Saenz was intoxicated. They allege that this act and others amounted to negligence, gross negligence and negligence per se.

The code reads: "A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated or insane person." Tex.Alco. Bev.Code Ann. § 101.63(a) (Vernon 1978).

The basis of El Chico's motion for summary judgment is that El Chico, as a restaurant and bar operator, owed no duty to the decedent, a Texas motorist, to protect him from the off-premises torts of its patrons.

In order to establish tort liability, plaintiffs must initially prove the existence and breach of a duty owed to them by the defendant. *Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976).

We agree with El Chico that the Texas Alcoholic Beverage Code does not provide the Pooles a statutory cause of action against those who violate section 101.63(a). However, this court need not and should not ignore section 101.63(a) in deciding whether El Chico owed a duty to Larry Poole to protect him from a patron's drunken driving.

For years the courts of this state have looked to criminal statutes as standards for determining tort liability. The most common example is the doctrine of negligence per se, which arises when a civil court adopts a statutory test rather than that of an ordinarily prudent man as the more accurate test to determine negligence. *Rudes v. Gottschalk*, 159 Tex. 552, 324 S.W.2d 201, 204 (1959). The unexcused

violation of a penal statute constitutes negligence as a matter of law if the statute was designed to prevent injuries to a class of persons to which the injured party belongs. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982).

We need not decide here whether the unexcused violation of section 101.63(a) would amount to negligence per se. The summary judgment motion was based only on the assertion that El Chico owed no duty to Larry Poole. We look to section 101.-63(a) now to find a duty of care. A duty of care and the attendant standard of conduct may be found in a legislative enactment that does not provide for civil liability. *Yesely v. Sager*, 5 Cal.3d 153, 486 P.2d 151, 95 Cal.Rptr. 623, 631 (1971).

Recently the Supreme Court of Texas looked to a city ordinance to determine what duty an apartment complex manager owed to a minor who was raped in an unsecured vacant apartment. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). The ordinance required property owners to keep the doors and windows of vacant structures securely closed to prevent unauthorized entry. *Id.* at 548. The court held that a reasonable interpretation of the ordinance was that it was designed to deter criminal activity and to prevent injury to the general public. *Id.* at 549. Therefore, the apartment manager owed a duty to the minor victim, as a member of the general public, to protect her from crimes committed on the premises. *Id.* at 549.

The Alcoholic Beverage Code provisions were also enacted to prevent injury to the general public. The code provides: "This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state." Tex.Alco.Bev. Code Ann. § 1.03 (Vernon 1978). El Chico's argument that section 101.63(a) was enacted to protect only insane persons, habitual drunkards and intoxicated persons is not well taken. As a member of the motoring public, Larry Poole was of the class of persons intended to be protected by section

101.63(a) and someone to whom El Chico owed a duty to not knowingly sell an alcoholic beverage to an intoxicated Rene Saenz.

■ El Chico strongly argues that it should be the job of the legislature, not the civil courts, to impose liability upon bar operators for off-premises torts of its patrons. As evidence of legislative intent not to impose the kind of civil liability the Pooles assert, El Chico refers us to several "dram shop liability" bills that were offered to the legislature in past sessions but were never advanced out of committees. Texas courts "should not be bound by the prior legislative inaction in an area like tort law which has traditionally been developed primarily through the judicial process." *Sanchez v. Schindler,* 651 S.W.2d 249, 252 (Tex.1983). It is up to the civil courts to change concepts of duty as social conditions change. *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 310 (Tex.1983).

■ We hold that a bar operator owes a duty to the motoring public to not knowingly sell an alcoholic beverage to an already intoxicated person. Whether El Chico breached that duty and whether that breach was a proximate cause of the fatal accident are issues for a jury to decide if the evidence raises such issues.

Other issues presented in the several briefs filed by the parties and amicus curiae need not be discussed here. The summary judgment motion was based solely on the theory of no duty and our opinion will be limited to that issue.

The judgment of the court below is reversed and the cause is remanded.