Barbara PASTOR, et al., Appellants,

v.

CHAMPS RESTAURANT, INC. d/b/a
Maggie's Restaurant, Inc., Appellee.

No. B14-87-155-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 28, 1988.

Scott R. Brann, Pat Taylor-Nork, Scott R. Brann & Associates, J. Gary Trichter, Houston, for appellants.

Arthur M. Glover, Jr., Randall L. Smith, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

The mother, husband, and children of Christine Ann Pastor Fail, deceased, plaintiffs in the court below, appeal the entry of summary judgment in favor of defendant Champs Restaurant, Inc. d/b/a Maggie's Restaurant, Inc. (Maggie's). We reverse and remand the cause to the trial court.

The principal issue of this appeal is whether an alcoholic beverage licensee owes a duty to its customer not to sell alcoholic beverage to that customer when the licensee knows or should know that the customer is already intoxicated.

Christine Ann Pastor Fail was employed as a cocktail waitress at Maggie's Restaurant, Inc. On March 24, 1984, she worked until 10:00 p.m. She remained at the restaurant as a customer and became intoxicated. As proof that Maggie's employees knew or should have known that Mrs. Fail was intoxicated when they served her alcoholic beverages, the appellants, Mrs. Fail's family, offered the deposition and affidavit testimony of numerous employees and customers of Maggie's to establish the following facts: In the four-hour period following her shift Mrs. Fail was served and drank a Capt. Morgan's rum and coke ("short on the coke"), a Long Island iced tea, a jelly fish, two margaritas, and three to six kamikazis (a "shooter" drink). Mrs. Fail's loud, profane, and abusive language disturbed other customers. Her speech was slurred and she was having difficulty standing. One employee testified that she knew Mrs. Fail was "on acid" at the time she was serving her the rum drink and the kamikazis. When Mrs. Fail left Maggie's between 2:30 and 2:45 a.m., she was "tripping, staggering, swaying and wavering," yet no employee attempted to dissuade her from driving herself home. A short distance from

Maggie's, Mrs. Fail died in a one-car accident. The autopsy report indicated the approximate time of the accident as 2:55 a.m., March 25. Her blood alcohol content was 0.166.

Appellants allege that Maggie's employees were negligent, grossly negligent, and negligent per se in serving excessive amounts of alcoholic beverages to Mrs. Fail, in failing to monitor Mrs. Fail so as to determine she was intoxicated, in allowing Mrs. Fail to leave the bar and to drive a motor vehicle while she was intoxicated, in failing to supervise properly the employees serving Mrs. Fail, and in continuing to serve alcoholic beverages to Mrs. Fail after she was intoxicated (in violation of Section 101.63 of the Texas Alcoholic Beverage Code).

Appellants' suit was brought under the Texas Wrongful Death Act, ch. 530, § 1, 1975 Tex.Gen.Laws 1381, *repealed by* ch. 959, § 9, 1985 Tex.Gen.Laws 3242, 3322, now incorporated without substantive change as §§ 71.001 et seq. of the Texas Civil Practice and Remedies Code. Under the act, a plaintiff is permitted to assert any basis for recovery that the decedent could have asserted were he alive and no other. *Vassallo v. Nederl–Amerik Stoomy Maats Holland*, 162 Tex. 52, 344 S.W.2d 421, 424 (1961). The action on behalf of the decedent's family is, therefore, a purely derivative one. Had Mrs. Fail survived she could not assert that she was an innocent, injured third party; neither can her surviving parent, spouse, and children. Consequently, this court is restricted to review the cause of action as if it had been brought by Mrs. Fail on her own behalf.

Maggie's moved for summary judgment based upon alternative grounds: (1) it owed no duty to appellants, and (2) if a duty were to exist, under the facts of the case Maggie's is not liable as it exercised no control over Mrs. Fail and had no knowledge that she was intoxicated.

In asserting its "no duty" defense, Maggie's contends that it was not liable to appellees under the common law or under

the Texas Alcoholic Beverage Code because a tavern keeper owes no duty to a patron, who, as a result of voluntary intoxication, injures herself in an accident. At the time the motion for summary judgment was argued, it was undisputed that Texas courts had found a duty to exist in instances where the person injured was an innocent third party, killed as a result of another's actions while intoxicated. *See Otis Engineering v. Clark*, 668 S.W.2d 307 (Tex. 1983); *Evans v. Joleemo*, 714 S.W.2d 394 (Tex.App.—Corpus Christi 1986), *aff'd*, 732 S.W.2d 306 (Tex.1987); *Poole v. El Chico Corp.*, 713 S.W.2d 955 (Tex.App.—Houston [14th Dist.] 1986), *aff'd*, 732 S.W.2d 306 (Tex.1987). The most recent statements of the Texas courts specifically dealing with tavern keeper liability were the opinions rendered by the appellate courts in *Poole* and *Evans*. In both of these cases, third persons died as a result of vehicular collisions with inebriated bar customers. In *Poole*, El Chico had successfully moved for summary judgment on the grounds that a bar operator owed no duty to protect a Texas motorist from the off-premises torts of its patrons. In reversing the judgment of the trial court, this court restricted its holding to the facts of the case and the basis for summary judgment: "[A] bar operator owes a duty to the *motoring public* to not knowingly sell an alcoholic beverage to an already intoxicated person." *Poole*, 713 S.W.2d at 958 (emphasis added). In *Evans*, the Corpus Christi appellate court extended the duty of the tavern owner to *"third persons." Evans*, 714 S.W.2d at 396. Maggie's acknowledged the recent erosion of the ancient common law rule of absolute non-liability, but distinguished the innocent, third party cases. It concluded that none of the specified exceptions to the common law fashioned by the courts render the server liable for injuries sustained by the intoxicated individual.

The order granting this summary judgment was signed January 12, 1987. Subsequently the Supreme Court of Texas rendered its opinion in the combined cases of *El Chico Corp. v. Poole* and *Joleemo, Inc. v. Evans*, 732 S.W.2d 306 (Tex.1987). In affirming the decisions of both appellate

courts, the supreme court defined the duty of bar operators in much broader terms: "Based on both common law negligence principles and as a violation of § 101.63(a), we hold an alcoholic beverage licensee owes a duty to the *general public* not to serve alcoholic beverages to a person when the licensee knows or should know the patron is intoxicated." *El Chico*, 732 S.W.2d at 314 (emphasis added). Elsewhere in the opinion the Supreme Court stated, "The duty here is merely the application of the general duty to exercise reasonable care to avoid foreseeable injury to others.... The duty is the same whether the foreseeable injury involves the *drunkard himself* or a third party who may be placed in peril because of the drunkard's condition." 732 S.W.2d at 311–12 (emphasis added).

■ The decision in *El Chico* is dispositive of this appeal. Our Supreme Court has determined that the alcoholic beverage licensee owes a duty to all members of the general public, including its intoxicated customer, not to serve alcoholic beverage to a patron when the licensee knows or should know the patron is intoxicated. We so hold in this case. Appellants have stated a cause of action.

■ The appellate court must accept as true the evidence in favor of the appellants, indulge every reasonable inference and resolve all doubts in their favor. *El Chico Corp. v. Poole*, 732 S.W.2d at 315. The facts asserted by the appellants raise issues of material fact concerning Maggie's negligence. Maggie's, as movant for summary judgment, has not met its burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Appellants' first point of error, complaining of the grant of summary judgment in favor of Maggie's, is sustained.

This follows the dictates of our Supreme Court. We are not, however, unconcerned that such recognition may enable the despondent or the disturbed to provide for his family in death in a manner he could never accomplish in life.

This opinion is not to be understood as absolving Mrs. Fail from responsibility for her conduct or its consequences. Voluntary intoxication does not excuse the degree of care a person must take for his own safety and the safety of others. We determine only that the appellants have stated a cause of action and that the summary judgment was improper. It is the province of the jury to determine the relative negligence of the alcoholic beverage licensee and its customer. The summary judgment is reversed and the cause is remanded to the trial court for further development of the facts.