**Frank SMITH, Individually and d/b/a Charley's Angels et al., Petitioner,**

**v.**

**Randy SEWELL, Respondent.**

**No. D–1990.**

Supreme Court of Texas.

April 21, 1993.

Rehearing Overruled Sept. 10, 1993.

---

Gary S. Kessler, L. Scot Dailey and Scott D. Weber, Dallas, for petitioner.

Jerome H. Ferguson, III, Dallas, for respondent.

## OPINION

HIGHTOWER, Justice.

In this cause, we consider whether a provider of alcoholic beverages may be responsible for an intoxicated individual's injury to himself under Chapter 2 of the Alcoholic Beverage Code. After he was severely injured in an auto accident, Randy Sewell ("Sewell") sued Frank Smith, the operator and owner of a bar, and others under Chapter 2 of the Texas Alcoholic Beverage Code ("Chapter 2"). The trial court granted summary judgment for Smith and the others. The court of appeals reversed and remanded the trial court's summary judgment in favor of Smith, and affirmed the trial court's summary judgment in favor of the others. 819 S.W.2d 565. We hold that an individual who is provided, sold, or served alcoholic beverages in violation of Chapter 2 of the Alcoholic Beverage Code and injures himself may assert a cause of action against the provider. We further hold that the Comparative Responsibility Act—Chapter 33 of the Tex-

as Civil Practice and Remedies Code—is applicable to Chapter 2 causes of action. Consequently, we affirm the judgment of the court of appeals.

Sewell became intoxicated at Charley's Angels, a bar owned and operated by Smith. Smith's bartender served Sewell four pitchers of beer. On his way home, Sewell lost control of his car and was severely injured in the resulting one-car accident. In 1989, Sewell sued Smith and alleged three causes of action: (1) negligence; (2) negligence per se; and (3) liability under Chapter 2.[1] Sewell also sued Public Storage Properties IX, Ltd. (the owners of the property on which Charley's Angels was located), and Public Storage, Inc. (the owner of Public Storage Management, Inc.) for failing to take reasonable steps to ensure that Smith was not illegally serving alcoholic beverages to minors when they knew or should have known of these activities and had the ability to control them.

The trial court granted summary judgment for Smith holding that no cause of action exists for an intoxicated individual to recover for his own injuries against the provider of the alcohol, and granted summary judgment for P.S. Properties, P.S. Management, and P.S. on the ground that no cause of action existed for Sewell against them. The court of appeals reversed and remanded the trial court's summary judgment in favor of Smith holding that Sewell has a cause of action for his own injuries against Smith under Chapter 2 of the Texas Alcoholic Beverage Code. The court of appeals affirmed the trial court's summary judgment for Smith concerning Sewell's negligence and negligence per se causes of action holding that Chapter 2 provided the exclusive cause of action for providing an alcoholic beverage to a individual 18 years of age or older. The court of appeals affirmed the trial court's summary judgment in favor of the P.S. entities.

---

1. Chapter 2 of the Texas Alcoholic Beverage Code is entitled "Civil Liabilities For Serving Beverages" and is also commonly known as the "Dram Shop Act." Chapter 2 "provides the ex-

clusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." Tex.Alco.Bev.Code § 2.03.

## I.

Sewell argues that an individual who is provided, sold, or served alcoholic beverages in violation of Chapter 2 of the Alcoholic Beverage Code and injures himself may assert a cause of action against the provider. We agree.

Historically, an individual who voluntarily became intoxicated was precluded from suing a tavern owner for his own injuries. 1 J. MOSHER, LIQUOR LIABILITY LAW § 2.02[6][a](1990). At common law a purveyor of alcohol was not liable for damages sustained by innocent third persons result-ing from a patron's intoxication. 48A C.J.S. Intoxicating Liquors § 428 (1981). This common law rule of non-liability has in recent times been disregarded in relation to third persons injured by an intoxicated person. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 310 (Tex.1987). Many states have enacted dram shop acts which provide third parties with a cause of action for their injuries against the provider of alcoholic beverages.[2] However, a majority of these jurisdictions do not permit an intoxicated individual to sue the provider of alcoholic beverages for his own injuries.[3]

**2.** Dram shop acts generally provide that one who has supplied intoxicating liquor to another may be held liable to a third party injured as a result of the intoxication. J. MOSHER, LIQUOR LIABILITY LAW § 2.01[1], at 2-2 and 2-3 (1990). At least thirty-six states have enacted dram shop legislation in some form. *See* ALA.CODE § 6-5-71 (1977); ALASKA STAT. § 04.21.020 (1986); ARIZ.REV. CIV.STAT.ANN. § 4-311 (1989); CAL.BUS. & PROF.CODE § 25602.1 (Supp.1993); COLO.REV.STAT. § 13-21-103 (1989); CONN.GEN.STAT. § 30-102 (1990); FLA. STAT.ANN. § 768.125 (1986); GA.CODE ANN. §§ 51-1-18(a), 51-1-40 (Supp.1992); IDAHO CODE § 23-808 (Supp.1992); ILL.REV.STAT. ch. 43, ¶ 135 (1991); IND.CODE § 7.1-5-10-15.5 (Supp.1992); IOWA CODE § 123.92 (Supp.1992); KY.REV.STAT.ANN. § 413.241 (1992); LA.REV.STAT.ANN. 9:2800.1 (1991); ME.REV.STAT.ANN. tit. 28A, § 2501 *et seq.* (1988); MICH.COMP.LAWS § 436.22 (Supp.1992); MINN.STAT. § 340A.801 (1990); MISS.CODE ANN. § 67-3-73 (1991); MO.REV.STAT. § 537.053 (1988); MONT.CODE ANN. § 27-1-710 (1991); N.H.REV.STAT.ANN. § 507-F:1 *et seq.* (Supp.1992); N.J.STAT.ANN. § 2A:22A-1 *et seq.* (1987); N.M.STAT. § 41-11-1 (1989 Pamph.); N.Y.GEN. OBLIG.LAW §§ 11-100, 11-101 (1989); N.C.GEN. STAT. § 18B-120 *et seq.* (1989); N.D.CENT.CODE § 5-01-06.1 (1987); OHIO REV.CODE ANN. § 4399.01 (1991); OR.REV.STAT. § 30.950 (1991); PA.STAT.ANN. tit. 47, § 4-497 (Supp.1992); R.I.GEN.LAWS § 3-14-1 *et seq.* (1987); TENN.CODE ANN. §§ 57-10-101, 57-10-102 (1989); TEX. ALCO.BEV.CODE ANN. § 2.01 *et seq.* (Supp.1993); UTAH CODE ANN. § 32A-14-101 (1991); VT.STAT. ANN. tit. 7, § 501 *et seq.* (1988); WIS.STAT. § 125.-035 (1989); WYO.STAT. § 12-5-502 (Supp.1992).

**3.** A significant number of these jurisdictions preclude first party causes of action in the language of the statute itself. *See* ARIZ.REV.STAT.ANN. § 4-312 (1989) (but not minor involved); CAL-IF.BUS. & PROF.CODE § 25602 (1985) (but not if minor involved); COLO.REV.STAT. § 12-47-128.5 (1990); CONN.GEN.STAT. § 30-102 (1990) GA.CODE ANN. § 51-1-40 (Supp.1992); IDAHO CODE § 23-808 (Supp.1992); ILL.REV.STAT. ch. 43, ¶ 135 (1991); LA.REV.STAT.ANN. § 9:2800.1 (1991) (provides that there is no dram shop liability); ME. REV.STAT.ANN. tit. 28A, § 2504 (1988) (but not if minor involved); MICH.COMP.LAWS § 436.-22(10)(Supp.1992); N.C.GEN.STAT. § 18B-120(1) (1989); N.D.CENT.CODE § 5-01-06.1 (1987); PA. STAT.ANN. tit. 47, § 4-497 (Supp.1992); S.D.CODI-FIED LAWS ANN. §§ 35-4-78; 35-11-1 (1992) (statutes abrogate dram shop liability on their face; but effect uncertain following *Baatz v. Arrow Bar*, 426 N.W.2d 298 (S.D.1988), holding that legislature could not abrogate a cause of action without first repealing the initial statutory cause of action); UTAH CODE ANN. § 32A-14-101 (1991); WIS.STAT. § 125.035 (1989) (but not if provider caused consumption of alcoholic beverages by force or by misrepresentation, or if provider knew person was a minor).

The language of other dram shop statutes is unclear concerning whether a first party cause of action may be maintained. *See* ALA.CODE § 6-5-71 (1977); ALASKA STAT. § 04.21.020 (1986); IND.CODE § 7.1-5-10-15.5 (Supp.1992); IOWA CODE § 123.92 (Supp.1992); KY.REV.STAT.ANN. § 413.-241(2) (1988); MINN.STAT. § 340A.801 (1990); MISS.CODE ANN. § 67-3-73 (1991); MONT.CODE ANN. § 27-1-710 (1991); N.Y.GEN.OBLIG.LAW §§ 11-100, 11-101 (1989); OHIO REV.CODE ANN. § 4399.01 (1991); OR.REV.STAT. § 30.950 (1991); VT.STAT. ANN. tit. 7, § 501 (1988); WYO.STAT. § 12-5-502 (Supp.1992). However, these statutes have generally been interpreted to preclude a first party cause of action. *See, e.g., Maples v. Chinese Palace, Inc.*, 389 So.2d 120 (Ala.1980); *Slager v. HWA Corp.*, 435 N.W.2d 349 (Iowa 1989); *Robinson v. Lamott*, 289 N.W.2d 60 (Minn.1979); *Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 543 N.Y.S.2d 18, 541 N.E.2d 18 (1989); *Sager v. McClenden*, 296 Or. 33, 672 P.2d 697 (1983); *Langle v. Kurkul*, 146 Vt. 513, 510 A.2d 1301 (1986); *White v. Ha, Inc.*, 782 P.2d 1125 (Wyo.1989). The issue of first party liability under the dram shop statute has not yet been addressed in Alaska, Indiana, Kentucky, Mississippi, Montana, and Ohio.

Other jurisdictions allow first party causes of action, but usually only under limited circumstances. *See, e.g.,* FLA.STAT.ANN. § 768.125 (1986) (allowed if alcohol willfully sold or furnished to minor or knowingly sold to a habitual drunkard); MO.REV.STAT. § 537.053 (1988) (allowed if

While this Court has not directly addressed the liability of providers of alcoholic beverages for injuries suffered by the intoxicated recipients of the alcoholic beverages, we have examined the liability of providers of alcohol for injuries inflicted on third parties by intoxicated individuals. In *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), this Court created a common law cause of action against a provider of alcoholic beverages in favor of a third party injured by the intoxicated consumer of alcohol.[4]

## II.

Two days prior to our decision in *El Chico*, the legislature enacted Chapter 2 of the Alcoholic Beverage Code.[5] Chapter 2 establishes a cause of action against providers of alcohol under certain limited cir-

licensee convicted of selling intoxicating liquor to a minor or obviously intoxicated person); N.H.Rev.Stat.Ann. § 507–F:5 (Supp.1992) (allowed if provider was reckless); N.J.Stat.Ann. § 2A:22A–5 (1987) (allowed if provider was negligent); N.M.Stat. § 41–11–1 (1989 Pamph.) (allowed if provider was grossly negligent and acted with reckless disregard for consumer's safety); R.I.Gen.Laws § 3–14–7 (1987) (allowed if provider recklessly served a visibly intoxicated adult).

In states which have not enacted dram shop acts, there is a split of authority concerning whether a first party cause of action may be maintained under the common law. *Compare First American Bank v. Associated Hosts, Inc.*, 292 Ark. 445, 730 S.W.2d 496 (1987) (no first party cause of action); *Wright v. Moffitt*, 437 A.2d 554 (Del.1981) (no first party cause of action); *Bertelmann v. Taas Associates*, 69 Haw. 95, 735 P.2d 930 (1987) (no first party cause of action); *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508 (Okla.1991) (no first party cause of action) *with Young v. Caravan Corp.*, 99 Wash.2d 655, 663 P.2d 834 (1983) (first party cause of action allowed subject to contributory negligence defense); *Bailey v. Black*, 183 W.Va. 74, 394 S.E.2d 58 (1990) (first party cause of action allowed subject to contributory negligence defense); *O'Hanley v. Ninety–Nine, Inc.*, 12 Mass.App. 64, 421 N.E.2d 1217 (1981) (first party cause of action allowed); *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E.2d 351 (App.1985) (first party cause of action allowed).

**4.** Subsequent to *El Chico*, the question of first-party liability was considered in *Pastor v. Champs Restaurant*, 750 S.W.2d 335 (Tex.App.—Houston [14th Dist.] 1988, no writ). In *Pastor*, an employee who worked as a cocktail waitress remained at the restaurant as a customer and became intoxicated. After four hours of drinking, she left the restaurant "tripping, staggering, swaying and wavering" yet no employee attempted to dissuade her from driving herself home. *Id.* at 336. Ten minutes later she was killed in a one-car accident. Her blood alcohol content was 0.166. The trial court granted a summary judgment for the restaurant. The court of appeals held that the plaintiffs had stated a cause of action and that a summary judgment was improper, remanding the cause to the trial court for further development of the facts. *Id.* at 338. Citing *El Chico*, the court held

"that the alcoholic beverage licensee owes a duty to all members of the general public, including its intoxicated customer, not to serve alcoholic beverage to a patron when the licensee knows or should know the patron is intoxicated." *Pastor*, 750 S.W.2d at 337.

**5.** CHAPTER 2. CIVIL LIABILITIES FOR SERVING BEVERAGES

§ 2.01. Definitions
In this chapter:
(1) "Provider" means a person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sells an alcoholic beverage to an individual.
(2) "Provision" includes, but is not limited to, the sale or service of an alcoholic beverage.
§ 2.02. Causes of action
(a) This chapter does not affect the right of any person to bring a common law cause of action against any individual whose consumption of an alcoholic beverage allegedly resulted in causing the person bringing the suit to suffer personal injury or property damage.
(b) Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under Section 6.01(b) of this code upon proof that:
(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and
(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.
§ 2.03. Statutory Remedy
The liability of providers under this chapter for the actions of their customers, members, or guests who are or become intoxicated is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages. This chapter does not impose obligations on a provider of alcoholic beverages other than those expressly stated in this chapter. This chapter provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older.

cumstances.[6] A cause of action may be asserted against a provider of alcoholic beverages if (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others and (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered. TEX.ALCO.BEV.CODE § 2.02. Chapter 2 provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older, and liability under this chapter is in lieu of common law or other statutory law warranties or duties of providers. TEX.ALCO.BEV.CODE § 2.03; *Boyd v. Fuel Distributors, Inc.*, 795 S.W.2d 266, 273 (Tex.App.—Austin 1990, writ denied).

In enacting Chapter 2, the legislature has recognized that providers of alcoholic beverages owe a duty to those who may be injured due to the consumption of those alcoholic beverages. Section 2.02(b) establishes the standard of conduct by which the liability of the provider of alcoholic beverages is judged. *See* Restatement (Second) of Torts § 286. A provider of alcoholic beverages is under a statutory duty to refrain from providing alcohol to an individual when it is apparent to the provider that the individual is obviously intoxicated to the extent that he presents a clear danger to himself and others.

■ We must decide in this case if the duty owed by the provider under the statute extends to the recipient of the alcohol, and if the recipient may assert a cause of action for his own injuries resulting from the breach of this duty. Texas follows the rule that statutes in derogation of the common law are not to be strictly construed. *See* TEX.GOV'T.CODE § 312.006(b). Nevertheless, it is recognized that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview. *Dutcher v. Owens*, 647 S.W.2d 948, 951 (Tex.1983); *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969).

The plain meaning of Chapter 2 was to authorize a cause of action for "[p]roviding, selling, or serving an alcoholic beverage ... [to an individual when the individual] provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger *to himself* and others." (Emphasis added). The legislature did not indicate plainly which parties could assert the cause of action. Neither first party nor third party actions were

---

**6.** Of the thirty-six states which have enacted dram shop legislation, only the Maine and New Hampshire statutes are even remotely similar to Chapter 2. Maine's dram shop statute provides for liability for negligent and reckless service of liquor to a minor and a visibly intoxicated individual. *See* ME.REV.STAT.ANN. tit. 28A, §§ 2506, 2507 (1988). Concerning reckless service,

> Service of liquor is reckless if a server intentionally serves liquor to an individual when the server knows that the individual being served ... is visibly intoxicated and the server consciously disregards an obvious and substantial risk that serving liquor to that individual will cause physical harm to the drinker or to others.
> For the purposes of this Act, the disregard of risk, when viewed in the light of the nature and purpose of the server's conduct and the circumstances known to him, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.

ME.REV.STAT.ANN. tit. 28A, § 2507(3) (1988). However, Maine's dram shop statute precludes first party causes of action. ME.REV.STAT.ANN. tit. 28A, § 2504 (1988) (but not if minor involved). New Hampshire's dram shop statute also provides for liability for negligent and reckless service of liquor. *See* N.H.REV.STAT.ANN. §§ 507-F:4, 507-F:5 (Supp.1992). New Hampshire permits first party causes of action for the reckless service of alcoholic beverages:

> A person who becomes intoxicated may bring an action against a defendant for serving alcoholic beverages only when the server of such beverages is reckless. The service of alcoholic beverages is reckless when a defendant intentionally serves alcoholic beverages to a person when the server knows, or a reasonable person in his position should have known, that such service creates an unreasonable risk of physical harm to the drinker or to others that is substantially greater than that which is necessary to make his conduct negligent.

N.H.REV.STAT.ANN. § 507-F:5(I) (Supp.1992).

specifically included or excluded.[7] However, liability under Chapter 2 is premised on the conduct of the provider of the alcoholic beverages—not the conduct of the recipient or a third party. The conduct for which the provider may be held liable under Chapter 2 is the same conduct regardless of whether the intoxicated individual injures himself or a third party.[8] Furthermore, Chapter 2 evinces a legislative concern for the well-being of the intoxicated individual when it speaks of the person being a clear danger *"to himself* and others." Consequently, we conclude that an individual who is provided, sold, or served alcoholic beverages in violation of Chapter 2 of the Alcoholic Beverage Code and injures himself may assert a cause of action against the provider.[9]

 Our determination that the intoxicated individual may bring a cause of action for his own injuries does not mean that he will always recover damages from the provider. A finding that a provider of alcoholic beverages violated Chapter 2 does not establish liability; it only subjects the provider to possible liability. Under Chapter 2, the intoxication of the recipient must be a proximate cause of the damages. TEX. ALCO.BEV.CODE § 2.02(b).

### III.

Sewell argues that Chapter 33 of the Texas Civil Practice and Remedies Code—the Comparative Responsibility Act—is not applicable to an intoxicated individual's recovery under Chapter 2. We disagree.

The Act provides, in part:

7. Although Chapter 2 does not specifically mention first party or third party actions, section 2.02 of Chapter 2 is entitled "Causes of Action" which implies the creation of more than one cause of action. TEX.ALCO.BEV.CODE § 2.02.

8. This Court long ago recognized the risk of serving alcohol to an intoxicated individual and the duty to refrain from such conduct. *Buchanan v. Rose,* 138 Tex. 390, 159 S.W.2d 109, 110 (1942) (citing *McCue v. Klein,* 60 Tex. 168, 169–70 (1883)). "The duty [referring to the duty to exercise reasonable care to avoid foreseeable injury to others] is the same whether the foreseeable injury involves the drunkard himself or

(a) In an action to recover damages for *negligence* resulting in personal injury, property damage, or death or an action for *products liability grounded in negligence,* a claimant may recover damages only if his percentage of responsibility is less than or equal to 50 percent.

\*　\*　\*　\*　\*　\*

(c) In an action in which a claimant seeks damages for harm other than personal injury, property damage, or death, arising out of *any action grounded in negligence,* including but not limited to negligence relating to any professional services rendered by an architect, attorney, certified public accountant, real estate broker or agent, or engineer licensed by this state, a claimant may recover damages only if his percentage of responsibility is less than or equal to 50 percent.

TEX.CIV.PRAC. & REM.CODE § 33.-001(a), (c) (emphasis added). The Act was passed as part of a broad tort reform package in 1987. *See* John T. Montford & Will G. Barber, *1987 Texas Tort Reform: The Quest for a Fairer and More Predictable Texas Civil Justice System,* 25 Hous. L.Rev. 245 (1988).

 First, we consider whether a Chapter 2 cause of action is an action for negligence or grounded in negligence. The Act states that it applies to actions based on various theories including negligence. TEX.CIV.PRAC. & REM.CODE § 33.001. The elements of negligence include (1) a duty owed by one person to another, (2) a breach of that duty and (3) damages proxi-

a third party who may be placed in peril because of the drunkard's condition." *El Chico,* 732 S.W.2d at 312.

9. Contrary to the dissent's arguments, this cause does not address our personal notions of individual responsibility and choice—it addresses the scope of liability under Chapter 2. Apparently the dissent has confused the concepts of individual responsibility and statutory liability and attacks the other members of the Court suggesting that they are justifying a "result that eviscerates the concept of individual responsibility...." 858 S.W.2d 356, 357 (Gonzalez, J., dissenting).

mately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole,* 732 S.W.2d at 311. A cause of action under Chapter 2 simply incorporates those elements. The legislature imposed a duty requiring dram shops to refrain from providing alcohol to one "obviously intoxicated to the extent that he present[s] a clear danger to himself and others." TEX. ALCO.BEV.CODE § 2.02. A breach of that duty which proximately causes damage gives rise to a statutory cause of action. *Id.* Because Chapter 2 provides for claims arising from negligence and Chapter 2 is not excluded from the Act's coverage in section 33.002 of the Texas Civil Practice and Remedies Code, the Act applies. Consequently, under the limited circumstances present in this cause, we hold that the Texas Comparative Responsibility Act is applicable to a Chapter 2 cause of action.

■ Application of the Comparative Responsibility Act to causes of action brought under Chapter 2 requires the trier of fact to determine the percentage of responsibility attributable to each of the parties involved in causing the injury. "Percentage of responsibility" is defined as:

> that percentage attributed by the trier of fact to each claimant, each defendant, or each settling person with respect to causing or contributing to cause in any way, whether by negligent act or omission, by any defective or unreasonably dangerous product, *by other conduct or activity violative of the applicable legal standard,* or by any combination of the foregoing, the personal injury, property damage, death, or other harm for which recovery of damages is sought.

TEX.CIV.PRAC. & REM.CODE § 33.011(4) (emphasis added). Because Chapter 2 clearly establishes a legal standard and creates a cause of action for conduct violative of that legal standard, the definition of "percentage of responsibility" provides additional support for our determination that the Comparative Responsibility Act is applicable to Chapter 2 causes of action.

Thus, an intoxicated person suing a provider of alcoholic beverages for his own injuries under Chapter 2 will be entitled to recover damages only if his percentage of responsibility is found to be less than or equal to 50 percent. Even if recovery is not barred under section 33.001(a) & (c), any damages must be reduced by a percentage equal to the intoxicated individual's percentage of responsibility. *Id.* at § 33.012(a).

Chapter 2 is intended to deter providers of alcoholic beverages from serving alcoholic beverages to obviously intoxicated individuals who may potentially inflict serious injury on themselves and on innocent members of the general public. But when it is the intoxicated individual who is injured due to his own intoxication, it is particularly appropriate that his conduct in contributing to his injury should be considered in assessing the amount of recovery, if any, to which he is entitled. Application of the principles of comparative responsibility to causes of action brought under Chapter 2 establishes a consistent and equitable approach to the issue of "dramshop liability" generally, and first party "dramshop liability" specifically. This approach provides an effective solution to a difficult and controversial issue. Therefore, we affirm the judgment of the court of appeals.

Dissenting Opinion by GONZALEZ, J.

GONZALEZ, Justice, dissenting.

An individual goes to a topless bar, voluntarily gets drunk, and on the way home has a one-car accident which causes him crippling injuries. He sues the owner of the bar seeking to recover for his damages. Heretofore, a person who voluntarily became intoxicated was prevented from suing the bar owner who sold the liquor.[1] No more. The Court today approves this type of lawsuit and attributes this result to legislative handiwork. In my opinion, this result is not mandated by prior case law, the Dram Shop Act, or its legislative history.

Chapter 2 of the Texas Alcoholic Beverage Code (Dram Shop Act) creates a statu-

---

**1.** 1 J. Mosher, Liquor Liability Law § 2.02[6][a] (1990).

tory cause of action for innocent third parties against providers of alcohol under certain limited circumstances.[2] The Court today somehow interprets this rather cryptic chapter of the Alcoholic Beverage Code as creating a cause of action for the intoxicated individual seeking redress against the bar which served him. While specifically recognizing that the legislature did not indicate plainly which parties could assert a cause of action under Chapter 2, the Court justifies its result that eviscerates the concept of individual responsibility on two grounds. First, the Court states that "liability under Chapter 2 is premised on the conduct of the provider of the alcoholic beverages—not the conduct of the recipient or a third party." 858 S.W.2d at 354. Second, the Court concludes that "Chapter 2 evinces a legislative concern for the well-being of the intoxicated individual when it speaks of the person being a clear danger 'to himself and others.'" Id. (emphasis added by Court's opinion). From these two statements, the Court reaches the conclusion that an intoxicated individual may assert a cause of action against the provider of the alcohol.

The Court is correct in its statement that Chapter 2 is based on the conduct of the provider of the alcohol. However, this statement, standing alone, does not clearly reveal a legislative intent to create a cause of action for intoxicated individuals against the provider of the alcohol. Just because the statute speaks in terms of the duty owed by the provider does not mandate that this duty is owed to the intoxicated consumer.

The Court's statement that Chapter 2 displays a concern for the intoxicated individual by speaking of the danger "to himself and others" ignores the true meaning of this phrase. The clause "obviously intoxicated to the extent that he presented a clear danger to himself and others" establishes the quantum of evidence necessary to create liability for the provider. This phrase is almost a verbatim recitation of the standard of proof necessary to convict an individual of public intoxication.[3] In fact, Senator Glasgow, the Senate sponsor of Chapter 2, explained to both the Senate Economic Development Committee and the full Senate that the "clear danger to himself and others" language was taken from the public intoxication statute.[4] Nowhere in Senator Glasgow's remarks, or in the remarks of any senator or representative, was it stated that the "clear danger to himself and others" language was adopted out of concern for the intoxicated individual or to create a cause of action for the intoxicated individual. Had the legislature intended to create a first party cause of action, it would have done so in unequivocal language. The Court simply misinterprets or ignores the legislative history be-

2. Chapter 2 of the Texas Alcoholic Beverage Code, entitled Civil Liabilities for Serving Beverages, is set out in footnote 5 of the majority opinion.

3. Tex.Penal Code Ann. § 42.08(a) provides, in pertinent part:
 An individual commits an offense if the individual appears in a public place under the influence of alcohol ... to the degree that the individual **may endanger himself or another.** Id. (emphasis added). Thus, creating a danger to oneself or another is the evidentiary standard necessary for a conviction for public intoxication. Likewise, it is the standard to support liability under Chapter 2—it does not in any way create a cause of action.

4. Senator Glasgow stated to the Senate Economic Development Committee:
 So section 2 or 3 on page 3 sets up the burden of proof [for] the cause of action under this

chapter upon proof that at the time the provision occurred it was clearly apparent to the provider that the individual being sold, served or provided with an alcoholic beverage **was obviously intoxicated to the extent, and we pick up that public intoxication language, a clear danger to himself and others....**
Presentation of Senator Glasgow to Senate Economic Development Committee, May 25, 1987 (on audiotape) (emphasis added). Senator Glasgow then explained to the full Senate that "we think what we're establishing is a fair burden of proof using the foreseeability that comes out of **public intoxication—a clear danger to himself and others—which is what you'd done to prove if you convicted someone of public intoxication...."** Presentation of Senator Glasgow to Senate, May 27, 1987 (on audiotape) (emphasis added).

hind this phrase to reach its erroneous construction of Chapter 2.

As the Court correctly notes in its opinion, it is a fundamental precept that if a statute creates a liability unknown to the common law, the statute will not be extended beyond its plain meaning or applied to cases not clearly within its purview. 858 S.W.2d at 354 (citing *Dutcher v. Owens,* 647 S.W.2d 948, 951 (Tex.1983); *Satterfield v. Satterfield,* 448 S.W.2d 456, 459 (Tex. 1969)). The Court also correctly states that the common law did not at the time of the passage of Chapter 2 allow an individual to sue an alcohol provider for his own injuries.[5] *Id.* at 354. Therefore, under the Court's own analysis, Chapter 2 should not be extended beyond its plain meaning or applied to cases not clearly within its purview. However, the Court in today's opinion pays mere lip service to this rule of construction. Nowhere in Chapter 2 is there any language which conclusively suggests that the statute would allow an intoxicated individual to sue his alcohol provider for injuries sustained due to his own voluntary intoxication, but the Court today allows such a cause of action.

If the legislature had intended to create such a cause of action in derogation of the common law, it could have done so expressly. Since the legislature did not expressly create such a cause of action in Chapter 2, we should not derogate common law rules and create new duties when the legislature has acted in the area and failed to expressly create such a duty.

Furthermore, the Court's decision in this case is just plain bad policy that will spawn a rash of litigation. The breadth of today's holding is unknown and the possibilities are endless. The alcohol provider could be faced with potentially unlimited liability from a myriad of different types of claims that the intoxicated individual could allege. For example, even if the tavern arranged a ride home for the intoxicated individual, under today's opinion, the drunk could conceivably sue and recover for injuries resulting from either a fall in front of his residence or the resulting physical sickness of a "hangover." If the intoxicated individual drove home and was arrested for driving while intoxicated, under today's opinion, it is conceivable that the individual could sue the alcohol provider and recover his attorney's fees, court costs, probation fees, and loss of income for the time spent in jail. There is no reasoned legal argument as to why these absurd results are not possible under today's opinion. The legislature certainly has the power to enact legislation to adopt this bad public policy, but I disagree with the Court that it has done so.

Rather than requiring individuals to take responsibility for their actions, the Court today grants a license to individuals who are injured due to their drunkenness to sue their alcohol provider. Through its erroneous construction of Chapter 2, the Court misplaces the responsibility for such injuries—the responsibility should be on the adult intoxicated individual who voluntarily consumed the liquor, not on the alcohol provider. The reason that most jurisdictions do not allow an intoxicated individual to sue the provider of the alcoholic beverages for his or her own injuries is that such a suit totally distorts the concepts of individual responsibility and individual choice. Texas should not join the minority of states which are trampling on these basic concepts.

---

5. The common law of this state did, however, recognize a duty owed to the general public by alcohol providers not to serve intoxicated persons alcoholic beverages when the provider knew or should have known the patron was intoxicated. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 314 (Tex.1987). This Court in *Poole* allowed innocent third parties to sue alcohol providers for injuries sustained in 1984 from intoxi-cated patrons. Therefore, before Chapter 2 became effective on June 11, 1987, a third-party common law action against bar owners for injuries suffered at the hands of intoxicated patrons was a part of the common law of this state. However, there was not such an action established by the common law allowing intoxicated individuals to sue for injuries that resulted from their own intoxication.

Today's opinion turns the idea of individual responsibility for one's own actions on its head. I dissent.[6]

6. However, I do agree wholeheartedly with the Court's conclusion that the Comparative Responsibility Act applies to Chapter 2. Such a holding prevents an injured party from placing all the blame on the bar owner; instead, at least part of the responsibility will be placed on the truly culpable party in the best position to prevent the injury, the drunk driver.