# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00004-CV

**Chris Carpenter, Appellant**

**v.**

**First Texas Bancorp d/b/a First Texas Bank, Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 10-078-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Chris Carpenter appeals the trial court's summary judgment in favor of appellee First Texas Bank (the Bank),[1] disposing of his negligence and premises-liability claims against the Bank arising from his falling off an allegedly unsafe ladder on the Bank's premises. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic

---

[1] Although the defendant was styled below as First Texas Bancorp d/b/a First Texas Bank, there were actually two separate defendants, First Texas Bancorp (Bancorp) and First Texas Bank (the Bank), which pleading defect Bancorp and the Bank raised in their separately filed motions for summary judgment and response to Carpenter's motion for new trial. Appellant effectively tried this issue of separate defendants by consent when he acknowledged them as separate defendants in his summary-judgment response and motion for new trial. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (non-movant who does not object to variance between motion for summary judgment and movant's pleadings may not raise pleading deficiency on appeal). Because appellant's briefs wholly fail to raise any issues, arguments, or citations to the record with respect to the trial court's summary judgment in favor of Bancorp, he has waived error as to the judgment in favor of that defendant. *See* Tex. R. App. P. 38.1(f), (i).

reasons for it. *See* Tex. R. App. P. 47.4. For the following reasons, we reverse the district court's summary judgment in favor of the Bank and remand the cause for further proceedings consistent with this opinion.

The Bank's traditional and no-evidence summary-judgment motions were entirely supported by its assertion that all of Carpenter's claims were subject to the provisions of Chapter 95 of the Civil Practice and Remedies Code and that because there was no evidence that the Bank either (1) exercised or retained control over the manner in which Carpenter's work was performed or (2) had actual knowledge of the danger or condition resulting in his injury, Carpenter's claims were barred. *See* Tex. Civ. Prac. & Rem. Code § 95.003. Carpenter responds that Chapter 95 does not apply to the facts here because neither was he a "contractor" nor did his claims arise from the "condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement." *Id.* § 95.002. Carpenter claims that although he had acted as a contractor in the past with respect to work projects for the Bank, on this particular occasion he was on the Bank's premises as a business invitee merely to point out hail damage to the Bank's insurance adjuster when he used the Bank's unsafe ladder to climb down from the roof, an action that did not involve his repairing any improvement but only his use of the Bank's personal property (the ladder).

Chapter 95 operates to limit a property owner's liability for the acts of independent contractors only under certain circumstances. *See id.* §§ 95.001-.004. The first requirement for the chapter's applicability is that the plaintiff be a property owner, contractor, subcontractor, or employee of a contractor or subcontractor:

This chapter applies only to a claim:

2

(1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor.

*Id.* § 95.002(1); *see also id.* § 95.001 ("claim" means claim for damages caused by negligence, and "property owner" means person or entity that owns real property primarily used for commercial or business purposes).[2]  Carpenter argues that he was not a contractor, while the Bank argues that he was.

We conclude that the trial court erred in determining that Chapter 95 applies to Carpenter's claims against the Bank because Carpenter was not a "contractor" as contemplated by the statute.  *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (statutory construction is question of law, which we review de novo).  While the term "contractor" is not defined in the chapter, we note that the ordinary meaning of "contractor" requires that there be an actual contract under which one party (the contractor) has agreed to perform a specific kind of work or task and be compensated therefor by another party.  *See Webster's Third New Int'l Dictionary* 1138 (2002) (contractor defined as "one who contracts on predetermined terms to provide labor and materials and to be responsible for the performance of a construction job in accordance with established specifications or plans—also called a building contractor"); *Black's Law Dictionary* 375 (9th ed. 2009) (contractor defined as "a party to a contract" and "more specific[ally], one who contracts to do work or provide supplies for another"); *see also Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) (where Legislature fails to define specific word in statute, courts

---

[2]  The parties do not dispute that the Bank is a "property owner" under Chapter 95.  *See* Tex. Prop. Code § 95.001.

3

must apply its ordinary meaning). Because construing the term "contractor" to include Carpenter would preempt his common-law negligence and premises-liability claims and provide his exclusive remedy against the Bank, we are especially reticent to extend the plain meaning of "contractor" beyond its ordinary meaning and must construe the statute strictly.[3] *See Smith v. Sewell*, 858 S.W.2d 350, 354 (Tex. 1993) (if statute deprives person of common-law right, it will be strictly construed and not extended beyond plain meaning or applied to cases not clearly within its purview).

Appellee has failed to identify summary-judgment evidence conclusively establishing that appellant was a "contractor" under Chapter 95. There was no summary-judgment evidence of a written contract between the parties for any repair work to be performed by Carpenter. While Carpenter had submitted two bids to the Bank the month prior to the incident—one to replace the lower roof and one to replace both the lower and upper roofs—there is no evidence that the Bank and Carpenter mutually agreed (verbally or otherwise) to either proposal or to a different scope of the work or compensation therefor. Among the limited evidence appellees have identified as creating a contract is Carpenter's equivocal deposition testimony:

> Q:     And it was your understanding you were going to be the guy to be making those repairs. That's why they had you up there, correct?
>
> A:     That made sense, yes, sir.

---

[3]   To the extent the Bank asserts that Carpenter is a "subcontractor" or "employee of a contractor or subcontractor," our analysis and disposition remain the same because of the lack of evidence of a contract between the parties. *See Webster's Third New Int'l Dictionary* 2274 (2002) (subcontractor is one who is "awarded a portion of an existing contract"); *Black's Law Dictionary* 1560 (9th ed. 2009) (subcontractor is one who "contracts to perform part or all of another's contract").

Appellee additionally cites Carpenter's deposition testimony that he considered himself the Bank's "roofing contractor" and its "go-to guy" for repairing the Bank's roof and providing other maintenance services. However, Carpenter's characterization of himself as the bank's "roofing contractor" as well as the Bank's identifying him as its "contractor" in an email with its insurance adjuster to schedule an appointment is not relevant with respect to whether he was legally a "contractor" under the statute, absent facts supporting the presence of a contract between the parties. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 689 (Tex. 2006) (bare legal conclusions without supporting facts do not constitute competent summary-judgment evidence).

The record does not establish as a matter of law that the parties had entered into a contract for Carpenter to make any particular repairs or perform any work on the roof, whether to repair the leak Carpenter initially identified or to repair the hail damage Carpenter discovered while investigating the leak. In fact, Carpenter testified that in discussing with Bank personnel a "plan" to file an insurance claim to fund the roof repairs, it was left undetermined whether the roof would be completely redone, depending on the amount of insurance proceeds received. Although Carpenter testified that he believed he would be the person to make whatever repairs the Bank decided to undertake, the parties had not yet gotten to the point of specifying what those repairs would entail, whether Carpenter would indeed be the person to do them, and what the terms of compensation would be. In other words, the parties had not entered into a contract and, it follows, Carpenter could not be a party to that non-existent contract and, therefore, he was not a "contractor" as the term is ordinarily used. At best, the evidence shows that the Bank and Carpenter had an "agreement to agree," both with respect to the scope of the work and payment therefor. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) (parties must have agreed on essential terms

5

for contract to be enforceable, and when essential terms are left open for future negotiation, parties have nothing more than unenforceable agreement to agree).

The summary-judgment record is insufficient to establish the applicability of Chapter 95 as a matter of law, and the trial court erred in granting the Bank summary judgment on that basis.[4]  Accordingly, we reverse the trial court's summary judgment in favor of the Bank and remand Carpenter's claims for further proceedings consistent with this opinion.  We note that our judgment reverses the summary judgment granted in favor of First Texas Bank only and affirms the summary judgment in favor of First Texas Bancorp, as Carpenter waived any error as to that defendant.

_____
David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in part; Reversed and Remanded in part

Filed:  June 5, 2014

---

[4]  Because the summary-judgment evidence is insufficient to support the first requirement of Chapter 95's applicability, we need not reach Carpenter's other arguments, including whether Chapter 95's second applicability requirement was met, requiring his claim to "arise[] from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement," much less the Bank's arguments about whether the evidence creates a fact issue on its control over the work and knowledge of the dangerous condition. *See* Tex. R. App. P. 47.1 (court of appeals must hand down written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal).